IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUKHAN MUMIN, | | |
| Plaintiff, | | **8:25CV726** |
| vs. | | |
| DARMODY FAMILY MCDONALD'S, | | **ORDER** |
| Defendant. | | |

This matter is before the Court on Plaintiff's motions for leave to file amended complaint.[1] Filing Nos. 10, 13. Plaintiff seeks to amend his complaint to bring claims only under state law – the Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. § 48-1001 et al. Filing No. 13. Plaintiff's motions will be granted.

Plaintiff, proceeding *pro se*, filed his Complaint against Defendant in the District Court of Douglas County, Nebraska on November 13, 2025, alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Filing No. 1-1. Defendant was thereafter served and

---

[1] Plaintiff first filed a document that was docketed as a motion for remand. Filing No. 10. The Court entered an order construing this motion as a motion for leave to file an amended complaint. Filing No. 11. Thereafter Plaintiff filed a second motion for leave to file an amended complaint and attached his proposed amended complaint. Filing No. 13.

1

removed the action to this Court on December 17, 2025. Filing No. 1. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331.

Defendant filed a motion to dismiss, Filing No. 4, and Plaintiff filed a motion for remand. Filing No. 8. In his request to remand, Plaintiff expressed his intent to pursue this action under the Nebraska ADEA rather than the federal ADEA and asked the case to be remanded to state court. Filing No. 8. Thereafter, Plaintiff filed his motions for leave to file an amended complaint and attached a proposed amended complaint. Filing No. 13 at 3.

Defendant opposes the amendment arguing it is futile and that Plaintiff's goal of returning to state court fails as the Court would retain supplemental jurisdiction over any state law claims brought in addition to his federal ADEA claims. Filing No. 14. Plaintiff has also filed a motion to dismiss without prejudice – again with the intent of bringing this action in state court. Filing No. 15. The undersigned now considers Plaintiff's motions to amend in context with his recently filed motion to dismiss.

As Plaintiff's opportunity to amend as a matter of course has passed, he may only amend his complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should freely grant leave to amend when justice so requires. Id. This standard is construed liberally, but "plaintiffs do not have an absolute or automatic right to amend." United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). Indeed, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted).

While Defendant argues Plaintiff's amended complaint is futile because Plaintiff failed to exhaust his administrative remedies, the receipt of a right-to-sue notice is not a jurisdictional prerequisite and is curable after the action has commenced.[2] *Schultz v. Windstream Commc'ns, Inc.*, No. 4:08CV3086, 2008 WL 2773974, at *2 (D. Neb. July 14, 2008) (citing *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123–1124 (8th Cir.1989) and *Jones v. American State Bank*, 857 F.2d 494, 499 (8th Cir. 1988)); *Dorsey v. Pinnacle Automation Co.* 278 F.3d 830, 835 (8th Cir. 2002). Defendant's other arguments relate to whether this Court would have supplemental jurisdiction over any state law claims Plaintiff alleges in addition to a federal ADEA claim. *See* Filing No. 14 at 4. This is an issue not presently before the Court on these motions. Moreover, the Court reads Plaintiff's proposed amended complaint to eliminate all claims under federal law, s*ee* Filing No. 13 at 3-6, which may divest this court of subject matter jurisdiction. Despite Defendant's objections, "the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987); *see also Midwest Petroleum Co. v. St. Louis Cnty., Missouri*, No. 4:23-CV-1568 RLW, 2024 WL 1110966, at *1 (E.D. Mo. Mar. 14, 2024).

At this early stage of the proceedings, the Court will allow Plaintiff to file an amended complaint. It is well-settled that the "plaintiff is the master of [his] complaint." *Winfrey v. City of Forrest City, Arkansas*, 882 F.3d 757, 758 (8th Cir. 2018) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002)). Thus, a plaintiff can choose what claims to bring and what claims to leave out.

Accordingly,

---

[2] Defendant does not make any arguments as to Plaintiff's claims under the Nebraska ADEA. As no argument is made, and this Court may be stripped of subject matter jurisdiction upon the filing of the amended complaint, *see Royal Canin U.S.A., Inc. Wullschleger*, 604 U.S. 22 (2025), the Court declines to provide an advisory opinion on state law issues.

Plaintiff's motions for leave to file an amended complaint, Filing Nos. 10 and 13, are granted. On or before February 20, 2026, Plaintiff shall file a signed copy of his amended complaint, a copy of which is attached to his motion. If Plaintiff elects to file an amended complaint in accordance with this Order, the Court will consider his motion to dismiss, Filing No. 15, withdrawn.

Dated this 10th day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

4